In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00062-CR
_____

IN RE ROBERTO MAGALLAN PINEDA

Original Proceeding
9th District Court of Montgomery County, Texas
Trial Cause No. 00-04-02559-CR

MEMORANDUM OPINION

In this original proceeding, Roberto Magallan Pineda asks this Court to require the 9th District Court of Montgomery County to consider the merits of a motion to disclose medical records, filed in 2018, by an individual who was convicted in a final judgment of a crime that Pineda committed in 2001.[1] The order

[1] In his mandamus petition, Pineda states that he successfully served a term of deferred adjudication community supervision for an offense that occurred in 2000. He states that he is attempting to investigate a potential claim for habeas relief.

1

that the trial court issued when it denied Pineda's motion to disclose states that the motion was being denied "for want of jurisdiction."

In a criminal case, the petitioner seeking mandamus relief from a trial court's order must meet a two-part test requiring him to show (1) that he has no adequate remedy at law and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *In re State ex rel. Young v. Sixth Judicial Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). As to the second part of the test, the petitioner must "show he has 'a *clear* right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*

On this record, Pineda has not established a clear and indisputable right to have the trial court consider his motion on the motion's merits. *See State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). Accordingly, we deny Pineda's request for mandamus relief.

PETITION DENIED.

PER CURIAM

Submitted on March 12, 2019
Opinion Delivered March 13, 2019
Do Not Publish
Before Kreger, Horton and Johnson, JJ.

2